## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| OSAKA JAPAN RESTAURANT, INC., a corporation, d/b/a OSAKA; J.H.S.K., INC., a corporation, d/b/a OSAKA; KWANG BUM KIM, individually, and as owner and corporate officer of the aforementioned corporations; and JAMES KIM, individually, and as a manager, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin OSAKA JAPAN RESTAURANT, INC., a corporation, d/b/a OSAKA, J.H.S.K., INC., a corporation, d/b/a OSAKA, KWANG BUM KIM, individually, and as a manager, owner, and corporate officer of the aforementioned corporations, and JAMES KIM, individually, and as a manager (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant OSAKA JAPAN RESTAURANT, INC., d/b/a OSAKA, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 8605 Germantown Avenue, Philadelphia, PA, 19118. Defendant is engaged in a full-service restaurant business at the same address ("Osaka Philadelphia"), within the jurisdiction of this court.

III.

Defendant J.H.S.K., INC., d/b/a OSAKA, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 8605 Germantown Ave Philadelphia PA 19118. Defendant is engaged in a full-service restaurant business at 1598 Sumneytown Pike, Lansdale, PA, 19446 ("Osaka Lansdale"), within the jurisdiction of this court.

IV.

Defendant Kwang Bum Kim is the president and owner of the corporations identified in Paragraphs II and III, and resides at 203 Winged Foot Drive, Blue Bell, PA, 19422. Kwang Kim has directed employment practices and has directly or indirectly acted in the interest of Osaka Philadelphia and Osaka Lansdale (collectively, "Osaka") in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day. Kwang Kim also oversees and directs the operation of the tip pools at both restaurants, including reviewing and correcting the distribution

of tips and reviewing and correcting the percentage employees are required to deduct from credit card tips and give to Osaka.

V.

Defendant James Kim has acted as a manager of both restaurants identified in Paragraphs II and III. James Kim has directed employment practices and has directly or indirectly acted in the interest of Osaka in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing the weekly payroll, and supervising employees day-to-day. At all times relevant herein, James Kim has been responsible for making, keeping, and preserving records of Osaka employees, including employees' names, hours worked, rate of compensation, and total compensation.

VI.

The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

VII.

At Osaka Philadelphia, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Osaka

3

Philadelphia are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

VIII.

At Osaka Lansdale, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Osaka Lansdale are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

IX.

Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing servers, bartenders, hostesses, bussers, sushi chefs, and hibachi chefs ("tipped employees") in an enterprise engaged in commerce or in the production of goods for commerce and compensating these tipped employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages under Section 17 of the Act.

For example: During the time period from at least September 1, 2013, through at least November 16, 2016, Defendants improperly required tipped employees to participate in an invalid tip pool that included participants who do not customarily and regularly receive tips, specifically kitchen chefs and dishwashers. During the time period from at least September 1, 2013, through at least February 2016, Defendants improperly required all employees in the

4

invalid tip pool to turn over a large percentage of their credit card tips to Defendants in an amount exceeding the fees imposed by Defendants' credit card processing company. Defendants failed to properly inform tipped employees about Defendants' policy of (1) taking a tip credit against Defendants' minimum wage obligations to tipped employees and (2) requiring tipped employees to turn over a large percentage of their credit card tips to Defendants. Defendants failed to pay employees the applicable minimum wage for all hours worked.

X.

Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation under Section 17 of the Act.

For example: During the time period from at least September 1, 2013, through at least August 31, 2016, Defendants failed to compensate their employees, including servers, bartenders, hostesses, bussers, sushi chefs, hibachi chefs, kitchen chefs, and dishwashers who worked over 40 hours in a workweek one and one-half times their regular rate. Workweeks for many of these employees ranged from approximately 40 to approximately 60 hours, but these employees did not receive time and one-half their regular rate for their overtime hours.

XI.

Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

Specifically, Defendants failed to make, keep, and preserve records containing employees' full names, home addresses, dates of birth, and sex. 29 C.F.R. §§ 516.2(a)(1)-(4).

XII.

As a result of the violations alleged in paragraphs IX through XI above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former employees, including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

XIII.

A judgment granting recovery of said amounts is specifically authorized by Sections 16(c) and 17 of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

The Secretary further prays for judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of September 1, 2013, through August 31, 2016, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after August 31, 2016, and

may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By: Brian P. Krier
PA ID# 313826
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5141 (Phone)
(215) 861-5162 (Fax)
Krier.Brian@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Complainant