UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor.** | |
| **v.** | CASE NO. 2:17-cv-01018 |
| **Osaka Japanese Restaurant, Inc., et al** | |

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Osaka Japanese Restaurant, Inc.[1], J.H.S.K., Inc., Kwang Bum Kim, and James Kim, by and through their attorneys, Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C., answer the Complaint of Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor in accordance with the numbered paragraphs therein:

I.

The allegation contained in the corresponding paragraph is a legal conclusion to which no response is necessary. To the extent a response is required, Defendants admit the allegation.

II.

Defendants admit that Defendant, Osaka Japanese Restaurant, Inc., d/b/a Osaka, is a full service restaurant organized under the laws of the Commonwealth. Defendant, Osaka Japanese Restaurant, Inc., has a principal place of business at 8605 Germantown Avenue, Philadelphia, Pennsylvania 19118.

III.

---

[1] Defendant, Osaka Japanese Restaurant is incorrectly identified as Osaka Japan Restaurant.

Defendants admit that J.H.S.K., Inc., d/b/a Osaka is a full service restaurant organized under the laws of the Commonwealth. Defendant, J.H.S.K., Inc., has a principal place of business at 1596-1598 Sumneytown Pike, Lansdale, Pennsylvania, 19446.

IV.

Defendants admit that Kwan Bum Kim is the president and owner of the corporations. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

V.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

VI.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

VII.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

VIII.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

IX.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

X.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

XI.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

XII.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

XIII.

Denied. The remaining allegations contained in the corresponding paragraph are conclusions of law to which no response is required. To extent a response is required, Defendant deny the allegations in the corresponding paragraph.

The allegations in the unnumbered "WHEREFORE" paragraphs state conclusions of law to which no response is required. Therefore, the allegations are denied.

## AFFIRMATIVE DEFENSES

Defendants answer the following defenses without conceding that Defendants bear the burden of proof as to any of the following defenses. Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands, waiver and/or accord and satisfaction.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times hereto, the Defendants, including their agents and employees, acted in accordance with all applicable laws, statutes and regulations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or liquidated damages because the alleged violations by Defendants were not willful or taken with reckless disregard of the rights of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, the relevant portions of which are incorporated herein by reference.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state any basis for obtaining equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law to the extent that the relief requested by Plaintiff is not available under the relevant statutory provisions.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants properly paid its employees in accordance with the applicable State and Federal Laws.

## NINTH AFFIRMATIVE DEFENSE

The Defendants properly paid its employees for any overtime hours they may have worked.

## TENTH AFFIRMATIVE DEFENSE

The Defendants paid its employees any wages they earned while working for them.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendants acted in good faith without any willful intent to deprive any of their alleged employees' compensation.

## TWEFLTH AFFIRMATIVE DEFENSE

The claims in the Complaint fail as a matter of law to the extent the alleged Defendant employees were exempt from the overtime provisions of the Fair Labor Standards Act and its regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

James Kim was not an employer, as that term is defined under the controlling statutory provisions, at any time relevant to this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Kwang Bum Kim was not an employer, as that term is defined under the controlling statutory provisions, at any time relevant to this case.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred as to the hours allegedly worked by Defendants' employees of which the Defendants lacked actual or construction knowledge.

## JURY DEMAND

The Defendants hereby demand a trial by jury in this matter.

**WHEREFORE**, the Defendants deny any and all liability to Plaintiff in any sum and demand judgment in their favor and against Plaintiff for all claims made by Plaintiff together with interest, costs and any other relief that this Honorable Court deems just and proper.

                                **ZARWIN, BAUM, DeVITO, KAPLAN,**
                                **SCHAER & TODDY, P.C.**

**By:**    /s/ Zachary A. Silverstein, Esquire
        DAVID F. MCCOMB
        ATTORNEY I.D. #: 35754
        Zachary A. Silverstein
        ATTORNEY I.D. #: 316491
        1818 Market Street, 13th Floor
        Philadelphia, PA  19103
        215.569.2800
        Fax  215.569.1606
        Attorney for Defendants
        dfmccomb@zarwin.com
        zsilverstein@zarwin.com

Dated:  May 12, 2017

## CERTIFICATE OF SERVICE

I, Zachary A. Silverstein, Esquire hereby certify that on May 12, 2017, I caused a true and correct copy of the foregoing Answer to be served by making it available for viewing by all registered users of the Court's ECF system.

/s/ Zachary A. Silverstein, Esquire
Zachary A. Silverstein, Esquire

Dated: May 12, 2017