## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **R. Alexander Acosta, Secretary of Labor, United States Department of Labor.** | **CASE NO. 2:17-cv-01018** |
| **v.** | **Honorable Michael M. Baylson** |
| **Osaka Japanese Restaurant, Inc., et al** | |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES                                                            i-ii

INTRODUCTION                                                                     1

ARGUMENT                                                                         2

   1.    Summary Judgment Standard                                   2

   2.    Osaka Chestnut Hill and Osaka Lansdale are Covered Enterprises.   3

   3.    Defendants Have Not Violated the FLSA Minimum Wage           3
        Requirement for their Hourly Tipped Employees.

       a.    Standard                                             3

       b.    Defendants did not required their hourly tipped       4
            employees to contribute their tips to invalid tip pools.

       c.    Defendants' unlawfully deducted and withheld         5
            fifteen percent of employees' credit card tips.

       d.    Defendants' informed their employees of their pay.   6

   4.    Defendants Violated the FLSA's Overtime Requirement.         6

   5.    Defendants Violated the FLSA's Recordkeeping Requirements.   7

   6.    Defendants' Conduct Was Not Willful.                         8

   7.    Defendants are Not Liable for Liquidated Damages.            12

   8.    Defendant James Kim is not an "employer" under the FLSA
        and is not individually liable for the minimum wage, overtime,
        and recordkeeping violations at the Osaka restaurants.       13

       a.    Standard                                             13

       b.    James Kim                                            14

   9.    Defendants' Violations of the FLSA Warrant Injunctive Relief.   15

CONCLUSION                                                                      16

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page**

*Abel v. Dep't. of Carr.*, 1995 WL 106535                                                      11

*Adami v. Cardo Windows, Inc.*, 2014 U.S. Dist. LEXIS 78690                                     8

*Baird v. Kessler*, 172 F.Supp. 2d 1305                                                         15

*Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668                                   13-14

*Brinkman v. Department of Corrections of the State of Kansas*, 21 F.3d 370                     12

*Bull v. United States*, 479 F.3d 1365                                                          9

*Cann v. Ford Motor Co.*, 658 F.2d 54                                                           11

*Carda v. E.H Oftedal & Sons, Inc.* 2005 U.S. Dist. LEXIS 26375                                 11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)                                                 2

*Dennis v. County of Fairfax*, 55 F.3d 151                                                      11

*Donovan v. Agnew*, 712 F.2d 1509                                                               13

*EEOC v. City of Detroit Health Department*, 920 F.2d 355                                       12

*Galena v. Leone*, 638 F.3d 186                                                                 2

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132                                                  2

*Kaucher v. County of Bucks*, 455 F.3d 418                                                      2

*Liger v. New Orleans Hornets NBA Ltd P'ship*, 2008 WL 348800                                   11

*McLaughlin v. Diamond State Port Corp.*, 2004 WL 3059543                                       11

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128                                                 8-10

*Myers v. Copper Cellar Corp.*, 192 F.3d 546                                                    6

*Nedzvekas v. LTVCopperweld*, 356 F. Supp. 2d 904                                               5

*Platek v. Duquesne Club*, 961 F.Supp. 831                                                      4

*Reich v. Chez Robert, Inc.,* 821 F.Supp. 967     **4**

*Reich v. Gateway Press,* 13 F.3d 685     **9**

*Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259     **12**

*Rousell v. Brinker International, Inc.,* 2008 U.S. Dist. LEXIS 52568     **4**

*Saunder v. Ace Mortgage Funding Inc.,* 2007 U.S. Dist LEXIS 85392     **14**

*Schaar v. Lehigh Valley Health Servs. Inc.,* 732 F. Supp. 2d 490     **2**

*Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408     **11**

*Stillman v. Staples, Inc.,* 2009 WL 1437817     **12**

**Statutes, Rules and Regulations**

29 U.S.C. § 202     **3**

29 U.S.C. § 203     **5, 13**

29 U.S.C. § 206     **1**

29 U.S.C. § 207     **1**

29 U.S.C. § 211     **1**

29 U.S.C. § 216     **12**

29 U.S.C. § 217     **15**

29 U.S.C. § 255     **8**

29 U.S.C. § 260     **15**

Fed. R. Civ. 56     **2-3**

Fed.R.Civ. 65.     **15**

Fed. R. Evid. 407     **10-11**

## I.        INTRODUCTION

Plaintiff, R. Alexander Acosta, has sued Defendants for willful violations of the Fair Labor Standards Act. Plaintiff has now moved the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for Partial Summary Judgment, and the Defendants oppose the motion.

Plaintiff argues that "Defendants willfully failed to pay their hourly tipped employees employed as servers, bartenders, bussers, and hostesses the proper minimum wage and overtime premium and failed to pay their daily-rate kitchen employees proper overtime in violation of Sections 6(a) and 7(a) of the Fair Labor Standards Act of ("FLSA"), 29 U.S.C. §§ 206(a), 207(a). Defendants also failed to make, keep, and preserve records in violation of Section 11 of the FLSA, 29 U.S.C. § 211(c)." *See* Plaintiff's brief at pg., 1.

As a preliminary matter, Defendants recognize that the Plaintiff presents valid arguments for the imposition of some liability against some of the defendants. However, as outlined below, many of Plaintiff's arguments in favor of his motion for partial summary judgment is devoid of merit and lacks specific openness to the Court. Frankly, Plaintiff fails to adequately cite to the record and primarily relies on self-serving affidavits with no factual support in an attempt to argue that there "are no genuine issues of material fact."

As we fully set forth below, Plaintiff does not come close to meeting his burden under Rule 56 of demonstrating that there exists no dispute of material fact as to certain issues and that he is entitled to a judgment as a matter of law.

## II.     ARGUMENT[1]

### 1.     Summary Judgment Standard

Under the familiar standards of Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (c*iting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*). The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs. Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W. Chester, Pa.,* 891 F.2d 458, 461 (3d C*ir.* 1989)).

Under Rule 56, the movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial *Celotex* burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322.

---

[1] Pursuant to the Court's Pretrial and Trial Procedures, Defendants have submitted a separate Response to Plaintiff's Statement of Undisputed Materials Fact, with additional facts that are germane to Plaintiff's Motion.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

**2.      Osaka Chestnut Hill and Osaka Lansdale are Covered Enterprises**.

Plaintiff argues that there is no genuine issue of material fact that the Defendant restaurants are covered enterprises under the FLSA. For the purposes of this motion, Defendants do not dispute that the restaurant entities are covered enterprises as defined by the Fair Labor Standards Act.

**3.      Defendants Have Not Violated the FLSA Minimum Wage Requirement for their Hourly Tipped Employees.**

      **a.      Standard**

Plaintiff argues that the "Defendants have violated the Section 3(m) tip credit in three separate ways: (1) requiring hourly tipped employees to participate in invalid tip pools with kitchen chefs and dishwashers; (2) illegally deducting and withholding eleven percent of their tipped employees' credit card tips; and (3) failing to inform their hourly tipped employees of their claim of the tip credit." *See* Plaintiff' Brief at pg., 9. Simply for the purposes of this motion Plaintiff cannot establish any of the identified reasons set forth above as a matter of law.

The FLSA is a remedial statute designed "to correct and as rapidly as practicable to eliminate unfair labor practices." 29 U.S.C. § 202. Section 3(m) allows an employer to reduce tipped employees' wages below the statutory minimum wage by an amount to be supplemented by tips received by the employees, but only if the employer informs the employees of

the tip credit provision and the employees retain possession of the tips or the tips are distributed pursuant to a valid tip pooling agreement. *Reich v. Chez Robert, Inc.,* 821 F.Supp. 967, 976 (D.N.J.1993), *vacated and remanded on other grounds,* 28 F.3d 401 (3d Cir.1994); *see* also *Platek v. Duquesne Club*, 961 F.Supp. 831, 833 (W.D. Pa. 1994).

> **b.    Defendants did not required their hourly tipped employees to contribute their tips to invalid tip pools.**

Plaintiff argues that "Defendants also violated the Section 3(m) tip credit and Section 6(a) minimum wage provisions by requiring their hourly tipped employees to share their tips with kitchen chefs and dishwashers through the tip pools at both Osaka restaurants." *See* Plaintiff's Brief at pg., 9.   Plaintiff's conclusion is based on the premise that "Defendants controlled their employees' tips by prohibiting servers and bartenders from keeping their own tips and requiring them to distribute their tips with the entire staff, including the kitchen, through tip pools. Defendants were pervasively involved in establishing, enforcing, and documenting the tip pools at both restaurants." *See* Plaintiff's Brief at pgs., 10-11.

Plaintiff fails to establish that the employees were coerced into sharing their tips with other employees.   Tip pooling differs from tip sharing. Tip sharing occurs when an employee earning tips voluntarily shares them with other employees. For example, a waiter voluntarily splitting his tips with a busboy and bartender constitutes tip sharing. There are no laws or regulations prohibiting the voluntary sharing of tips between employees. *Rousell v. Brinker International, Inc.,* 2008 U.S. Dist. LEXIS 52568, at *75 (S.D.Tex. July 9, 2008) (holding that employees may share tips with other workers who are not customarily and regularly tipped if they do so "free from any coercion whatever and outside any formalized arrangement or as a condition of employment"); WH Admin. Op. (Oct. 26, 1989); WH Admin. Op. (Mar. 26, 1976).

4

Other than the self-serving affidavits that Plaintiff has submitted the established record actually proves that Defendants had no control over "their employees' tips."[2] Defendants did not establish the tip system and are not involved in any way in deciding how tips are shared. The testimony revealed the following:

> **Q.**   Can you explain the point system for me?
>
> **A.**   I don't know. They decided on their own.
>
> **Q.**   Who decided?
>
> **A.**   The servers, assistant manager, head server, they made the decision. I don't know how.
>
> ….
>
> **A.**   No. I don't get involved in the tips.
>
> …
>
> **Q.**   Did you come up with the point system for tip sharing?
>
> **A.**   No.

*See* Defendants' Response to Plaintiff's "Undisputed Facts" at ¶98.

The record does not establish that the employees were coerced into sharing tips. As such, this specific argument from Plaintiff is unfounded and Plaintiff's request for summary judgment based on the above argument must be denied.

> **c.   Defendants' unlawfully deducted and withheld fifteen percent of employees' credit card tips.**

In this subsection Plaintiff argues that "Section 3(m) requires that tipped employees retain all their tips received. 29 U.S.C. § 203(m). An employer can only use an employee's tips

---

[2] Plaintiff's reliance on self-serving statements in affidavits have no factual support in the record and therefore carry no weight on summary judgment. *Nedzvekas v. LTVCopperweld*, 356 F. Supp. 2d 904, 909 (N.D. Ill. 2005) (quoting *Butts v. Aurora Health Care*, 387 F.3d 921, 925 (7th Cir. 2004)) (disregarding the self-serving statement in employee's affidavit that her employer had more than 50 employees for purposes of FMLA liability because there was no support for the statement in the record).

to claim the tip credit or in furtherance of a valid tip pool…Employers who impermissibly deduct from the wages or tips of their tipped employees should be denied the Section 3(m) tip credit." *See* Plaintiff's Brief at pg., 13.

It is not disputed that the Defendant restaurants deducted fifteen percent (15%) from credit card tips. *See* Defendants' Response to Plaintiff's "Undisputed Facts" at ¶113. It is also undisputed that the Defendant restaurants' credit card company charged a four percent (4%) fee. However, the fifteen percent (15%) deduction was not to enrich the Defendants. Defendants testified that the fifteen percent (15%) covered the employees' meals as they ate lunch and dinner at the restaurants. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶13. The above clearly shows that the charge was not for enrichment purposes and if the charges are not to enrich the Defendants than the fee is valid. Plaintiff has not submitted evidence to the contrary thus summary judgment must be denied as it relates to this argument. *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554 (6th Cir. 1999).

### d.    Defendants' informed their employees of their pay.

Plaintiff falsely argues that "it is undisputed that Defendants failed to give their hourly tipped employees any written or verbal notice of all the elements of Section 3(m)." This is not true. The employees are informed of their rate of pay including tips.  *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶80. Plaintiff simply ignores the Defendants' testimony in order to argue for summary judgment, however in evaluating the evidence in the light most favorable to the non-moving party, Plaintiff's request must be denied as it relates to this argument.

### 4.    Defendants Violated the FLSA's Overtime Requirement.

Defendants' do not dispute that there are some instances within the "relevant time period" that their employees were not paid overtime.  Bum Kim testified as follows:

> **Q.**   So before the investigation, you didn't know that you had to pay employees time and a half for hours over 40 per week?
>
> **A.**   I didn't know.

Further, James Kim testified to the following:

> **Q.**   What is overtime? What does that word mean to you?
>
> **A.**   I feel like I've been pretty well educated, I guess, because of our past, but now I understand overtime as being any hours worked over 40 hours. And then any hours worked over 40 hours is time-and-a-half.
>
> **Q.**   How long have you known this or had this understanding of what overtime means?
>
> **A.**   Do you mean by that, like –
>
> **Q.**   Well, you started to say that –
>
> **A.**   Like, people say I'm getting paid overtime this week, then yes, that's -- I understood that there's overtime hours, but I wasn't truly understanding until Ms. Luk explained it to me, I don't know, two years ago now or whenever it was.
>
> **Q.**   So, when did you learn that overtime hours meant hours over 40?
>
> **A.**   I don't know. I mean, I can't pinpoint that.
>
> **Q.**   Before you started working at Osaka at either –
>
> **A.**   I'm sorry, can I rephrase? I'm talking in the restaurant environment is what I've been educated, but the term overtime, yes, I was aware of that. Is that what we're asking?

*See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶121. However, it is factually inaccurate to argue that all individuals were not paid overtime. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶124.

**5.      Defendants Violated the FLSA's Recordkeeping Requirements.**

Plaintiff appears to argue that a violation of Section11(c) leads to separate liability. However, the record keeping requirement relates to the burden of proof and is not a separate cause of action for which a defendant can be held liable. *See* Adami v. Cardo Windows, Inc., 2014 U.S. Dist. LEXIS 78690, 20-21 (D.N.J. June 10, 2014).

Additionally, Plaintiff argues that "Defendants possess no payroll records for either restaurant from approximately February 2016 through at least November of 2017." *See* Plaintiff's Brief at pg., 22. However, Defendants produced payroll records after February 2016:

```
===============================================
          6100 STOVER, ARIELLE
===============================================
      Job              Date           Time
-----------------------------------------------
   1  HOSTESS
      In               04/26/2016     04:02PM
      Out              04/26/2016     10:00PM

   2  HOSTESS
      In               04/30/2016     05:02PM
      Out              04/30/2016     10:30PM

      HOSTESS          Hours                Pay
-----------------------------------------------
      Reg              11.440             82.94
      Ovt               0.000              0.00

===============================================
```

*See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶141. In addition, Defendants maintained records within the Micros system and some "assistant managers" maintained certain records. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶¶140, 145 & 148.

### 6.    Defendants' Conduct Was Not Willful.

In this matter, Plaintiff cannot circumvent the two-year limitations period by arguing the Defendants alleged conduct amounted to a willful violation of the statute. The general statute of limitations for violations of the FLSA is two years. 29 U.S.C. § 255(a); *McLaughlin v. Richland*

8

*Shoe Co.,* 486 U.S. 128, 135 (1988). However, the statute of limitations may be extended to three years if the violation was "willful." *Id.* It is Plaintiff's burden to prove a willful violation. *See also Bull v. United States,* 479 F.3d 1365, 1379 (Fed.Cir.2007) (placing burden on plaintiffs to show willfulness).

"The FLSA's two-tiered statute of limitations reflects Congress' intent to distinguish between willful and nonwillful violations of the Act." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). "Willful" is commonly synonymous with such words as "voluntary," "deliberate" and "intentional," and generally refers to conduct that is not merely negligent. *Id.* The Plaintiff must show that the Defendants either knew, or showed reckless disregard, whether its conduct was prohibited by the statute. *Id.* at 133-35.

It is insufficient to merely show that the Defendants "knew or suspected that [its] actions might violate the FLSA," or if it merely knew that the FLSA was "in the picture." *Id.* at 130. Nor is negligence enough to establish willfulness if any employer acts unreasonably, but not recklessly, in determining its legal obligation, its action is not willful. *Id.* at 135 n.13; *see also Reich v. Gateway Press,* 13 F.3d 685, 702-03 (3d Cir. 1994) (Court upheld district court's finding that the employer did not act willfully, in part because some of the employees themselves, and without prompting, filled out their time slips inaccurately, so that the additional hours worked were not solely due to the employer's directives).

In *Richland, supra,* the Supreme Court "adopted a strict interpretation of 'willful' because to do otherwise would virtually obliterate [] any distinction between willful and non-willful violations....The Court thought that construing willful' to mean an intentional violation of or reckless disregard for the FLSA was a fair reading of the statutory language." *Id.* at 130-135. The first prong requires more than a mere failure to investigate whether a pay practice violates

the Act - there must be *actual* knowledge of a violation. *Id*. Similarly, the second prong requires more than negligent conduct or a simple inkling that the FLSA "was in the picture." *Id*.

Applying these principles here, Plaintiff cannot meet his burden to show the Defendants knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA. The Defendants were not on notice. There is no record evidence to show that: (1) DOL investigated or fined the Defendants for this alleged conduct; (2) the Defendants have been subject to a judicial or administrative decision that determined it violated the FLSA; or (3) the Defendants have had a judgment entered against it in Court for violations of the FLSA. To the contrary, it is undisputed that employees failed to complain, either orally or in writing, internally or otherwise. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶¶78-79. There are no facts that support a finding of willfulness.

Some of Plaintiff's arguments are deceitful as he incorrectly cites to testimony in an attempt to establish liability. For example, Defendant James Kim never testified that prior to the Wage and Hour investigation he knew that employees who work more than forty hours per week are entitled to overtime. In fact, James Kim testified to the exact opposite. The only testimony that that has been established is that the Defendant individuals were unaware of the requirement for overtime within the restaurant industry. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶¶120-121.

Plaintiff attempts to establish a willful violation by submitting "evidence" about the Defendants' conduct after the Wage and Hour investigation. However, this is completely inappropriate. Federal Rule of Evidence 407 provides, in relevant part "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent remedial measure is not

admissible to prove negligence [or] culpable conduct .... This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose ..." The purpose of excluding evidence of subsequent remedial measures is to encourage potential defendants to take precautions without fear that such precautions will be used as evidence against them. *See*, e.g., *Stecyk v. Bell Helicopter Textron, Inc*., 295 F.3d 408, 415 (3d Cir. 2002); *Cann v. Ford Motor Co.*, 658 F.2d 54, 60 (2d Cir. 1981).

Although commonly an issue in tort cases, courts have applied Rule 407 to exclude evidence of subsequent remedial measures in a handful of employment cases. *See*, e.g., *Dennis v. County of Fairfax*, 55 F.3d 151,154 (4th Cir. 1995) (discrimination case); *McLaughlin v. Diamond State Port Corp*., 2004 WL 3059543 at *3 (D. Del. Dec. 30, 2004) (discrimination). In particular, Rule 407 has been applied in an FLSA case. *See*, e.g., *Abel v. Dep't. of Carr*., 1995 WL 106535, at *I (D. Kan. Jan. 12, 1995) (indicating that the court would exclude evidence of changes to workplace rules with respect to roll calls and meal breaks made in response to a prior lawsuit, if offered to prove culpability in FLSA lawsuit); *Carda v. E.H Oftedal & Sons*, *Inc*. 2005 U.S. Dist. LEXIS 26375, at *1 (D.S.D. March 23,2005) (exclusion of subsequent remedial measures - employer's change in record keeping policy after plaintiff filed FLSA suit – "supports the public policy of preventing a party from being punished for making positive changes"). Other courts have excluded similar evidence on the basis that it is simply not relevant. *See Liger v. New Orleans Hornets NBA Ltd P'ship*, 2008 WL 348800 at *2 (E.D. La. Feb. 6,2008) ("evidence of [defendant's] post-lawsuit compliance with the FLSA is not relevant to determining whether [defendant] can claim the exemption during the period of time before the lawsuit was filed.... [Such evidence] neither negates an essential element of the FLSA exemption, nor demonstrate[s] insufficient evidence to establish the FLSA exemption").

11

Based on the above, the determination of willfulness is appropriately left for the jury and thus the Court must deny Plaintiff's request for Summary Judgment as it relates to this argument. *See Stillman v. Staples, Inc.,* 2009 WL 1437817, at *21-22 (D.N.J. May 15, 2009) ("In a jury trial under the FLSA, the jury decides the question of willfulness for statute of limitation purposes and the Court decides whether or not the employer has met its burden in establishing the good faith defense to an award of liquidated damages."); *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259, 1273 (11th Cir. 2008) (noting that the jury is entitled to make willfulness determination for purposes of determining applicable limitations period, while the discretion to award liquidated damages upon a finding of willfulness rests with the Court).

**7.      Defendants are Not Liable for Liquidated Damages.**

Under the FLSA, when an employer is liable for compensatory damages, the court *may* award additional liquidated damages in the amount of the compensatory damages. 29 U.S.C. § 216. However, "if the employer shows to the satisfaction of the court that [his] act or omission ... was in good faith and that he had reasonable grounds for believing his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award less damages." 29 U.S.C. § 260. "The same willfulness standard for the statute of limitations issue applies to the liquidated damages issue." *Brinkman v. Department of Corrections of the State of Kansas,* 21 F.3d 370, 372-73 (10th Cir. 1994); *EEOC v. City of Detroit Health Department,* 920 F.2d 355, 357-58 (6th Cir. 1990). Therefore for the same reasons set forth in the preceding section of this brief, this Court should deny Plaintiff's request for summary judgment as to liquidated damages.

**8.    Defendant James Kim is not an "employer" under the FLSA and is not individually liable for the minimum wage, overtime, and recordkeeping violations at the Osaka restaurants.**

>   **a.    Standard**

Under the FLSA, the term "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Although the definition can be interpreted expansively, as the Secretary of Labor seeks to do here, the courts have regularly cautioned that the FLSA's broad definition of "employer" should not be "afforded too much weight." *Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 677 (1st Cir. 1998). Indeed, "taken literally and applied in every context [this definition] would make any supervisory employee, even those without any control over the corporation's payroll, personally liable for the unpaid or deficient wages of other employees." *Donovan v. Agnew,* 712 F.2d 1509, 1513 (1st Cir. 1983).

In *Agnew*, the court applied an "economic reality" test, focusing on the role played by the corporate officer/individual defendant in causing the corporation to under-compensate employees. Thus, the court looked at whether the individual defendants were corporate officers; whether they had a significant ownership interest in the corporation; whether the individual defendants had operational control over significant aspects of the business including the compensation of employees and whether the individual defendants had personal liability for making decisions about the business, which decisions contributed to the violations of the Act. *Agnew,* 712 F.2d at 1514.

Following *Agnew,* Circuit Courts have recognized time and again, that "individuals are ordinarily shielded from personal liability when they do business in a corporate form, and that it

13

should not lightly be inferred that Congress intended to disregard the shield in the context of the FLSA." *Baystate Alternative Staffing, Inc. v. Herman,* 163 F.3d 668, 677 (1ˢᵗ Cir. 1998) (citing *Agnew,* 712 F.2d at 1513).

In *Baystate*, the court identified several factors that were important to the personal liability analysis, including the "individual's ownership interest, degree of control over the corporation's financial affairs and compensation practices, and the role in causing the corporation to compensate (or not to compensate) employees in accordance with the FLSA." *Id.* Since the agency's president and manager did not control Baystate's purse strings or make corporate policy about Baystate's compensation packages, they were not personally liable under the FLSA. Thereafter, in *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999), the courts identified additional factors needed to hold an individual defendant jointly and severally liable with the Company, including whether the individual defendant (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

### b.    James Kim

Utilizing the standards developed by the case law, it is clear that James Kim is not an employer under the FLSA and not individually liable. The evidence shows that James Kim did not have an ownership interest, one of the key factors for imposing liability on an individual. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶126; *see* also *Agnew,* 712 F.2d at 1514; *Saunder v. Ace Mortgage Funding Inc.,* No. 05-1437 (DWF/SRN), 2007 U.S. Dist LEXIS 85392, at *14 (D. Minn. Nov. 16, 2007) (finding liability only where individuals were equal partners as well as officers of the business with a twenty to fifty percent ownership interest);

In addition, James Kim is not a company officer, did not set schedules or establish policy, did not hire and fire, was not involved in the compensation determination of employees and did not determine the hours for which the restaurants were open. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶¶15, 35, 57 & 126. James Kim merely carried out employment policies. *Id.* This is not a determinative factor. Further, James Kim did not control the purse strings of the Defendant restaurants. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶126.

As the court stated in *Baird v. Kessler,* 172 F.Supp. 2d 1305, 1312 (E.D. Cal. 2001) in analyzing the personal liability of corporate employees:

> Congress could not have intended to hold individuals personally liable for alleged violations of the FLSA when those individuals cannot even control crucial aspects of the work environment such as when and if paychecks will issue, how many employees are necessary, and whether or not more employees can be hired.
> …
>
> This court does not believe that Congress intended to make each individual manager and officer within a business, public or private, personally liable for violations of the FLSA, when a manager or officer cannot control the very things which may lead to violations of the FLSA. Such a rule would discourage rather than encourage men and women from working hard, in an effort to 'move up' the ranks toward 'better' jobs. Accordingly, the court finds that these defendants are not employers under the FLSA, and thus cannot be held personally liable for any violations of the FLSA.

Accordingly as outlined above, summary judgment must be denied as it relates to James Kim's individual liability.

**9.    Defendants' Violations of the FLSA Warrant Injunctive Relief.**

Granting injunctive relief against  Defendants  by  way  of summary judgment is  not appropriate. Whether issued under 29 U.S.C. § 217 or some other basis, an injunction is still equitable relief which can only be entered in accordance with Fed.R.Civ.P. 65. Further there is no indication that Defendants are not currently in compliance with the FLSA. Defendants lacked

the requisite knowledge and had a good faith belief, prior to the Wage and Hour Investigation that their payment practices were appropriate. Subsequent to the investigation, the Defendants corrected some of the payment practices. *See* Defendant's Response to Plaintiff's "Undisputed Facts" at ¶¶134-135. There is nothing in the record to indicate that Defendants will not comply with the FLSA. As such, it is inappropriate to award injunctive relief.

**III.     CONCLUSION**

For the forgoing reasons, Defendants, Osaka Japanese Restaurant, Inc., J.H.S.K., Inc., Kwang Bum Kim, and James Kim, respectfully request that the Court deny Plaintiffs' Motion for Partial Summary Judgment.

**ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.**

**By:**     /s/ Zachary A. Silverstein, Esquire
DAVID F. MCCOMB
ATTORNEY I.D. #: 35754
Zachary A. Silverstein
ATTORNEY I.D. #: 316491
1818 Market Street, 13th Floor
Philadelphia, PA  19103
215.569.2800
Fax  215.569.1606
Attorney for Defendants
dfmccomb@zarwin.com
zsilverstein@zarwin.com

Dated:  May 4, 2018

16